

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 10, 1939

Hon. Jay Sam Levey
Assistant Criminal District Attorney
Bexar County
San Antonio, Texas

Dear Sir:

> Opinion O-581
> Re: Application of the Chauffeur's
> License Law

We are in receipt of your letters of April 28 and May 23rd, in which you refer to the definition of "chauffeur" contained in section 1 (g) of article 6687a, Vernon's Annotated Civil Statutes, and request an opinion on the following questions:

> (1) "In view of this definition, is it necessary for a person to have a chauffeur's license who operates his own automobile upon which there is a commercial license in the buying and selling of produce?

> (2) "Likewise, is it necessary for the owner of a plumbing company, which company operates several trucks, to have a chauffeur's license if he occasionally operates one of his own trucks?"

From the language of the first question, we construe the buyer and seller of produce to be in business for himself, and in the second question we feel that we are safe in assuming that the "plumbing company" whose owner drives his own truck is an unincorporated concern.

Section 1 (g) of article 6687a of Vernon's Annotated Civil Statutes, reads as follows:

"(g) Chauffeur. Any person who operates a motor vehicle for any purpose, whole or part time, as an employee, servant, agent, or independent contractor, whether paid in salary or commission; and every person who operates a motor vehicle while such vehicle is in use for hire or lease."

Section 1 (f) provides that an "Operator" is:

"Every person, other than a chauffeur who is in actual physical control of a motor vehicle upon a highway."

One of the essential prerequisites of being a chauffeur under the statute is that a person be "an employee, servant, agent or independent contractor."

If a person operates a motor vehicle for any purpose, whole or part time, and does not fall within any of these classifications, he is not a "chauffeur", but an "operator".

It is our opinion that a person in business for himself, operating his own automobile upon which there is a commercial license, in the buying and selling of produce is not an employee, servant, agent or independent contractor and is, therefore, not a chauffeur within the scope of the definition of article 6687a, Vernon's Annotated Civil Statutes, and hence need not obtain a chauffeur's license.

A similar factual situation was considered in opinion No. O-146 rendered by this department on January 24, 1939. In that opinion it was

held that a person who owns and operates a bottling plant, who owns his own truck registered for 8,000 pounds under the registration law, and who drives and operates his truck in making deliveries is not "an employee, servant, agent or independent contractor", and, therefore, does not come within the first part of the definition applied to a "chauffeur" in paragraph (g) of section 1 of article 6687a, Revised Civil Statutes, and does not come within the last part of the definition because hiring or leasing is not involved; therefore, the person is not required to obtain a chauffeur's license.

In that case the distinction between a man who owns his own business and drives his own trucks in pursuance thereof, and an employee, servant, agent or independent contractor is clearly indicated with authorities and definitions. We consider the holding in that opinion as authority in the present instance.

It is our further opinion that the owner of an unincorporated plumbing company which operates several trucks, who drives one of his own trucks, is not a "chauffeur" under article 6687a, supra, since he is neither employee, servant, agent or an independent contractor, and, therefore, it is not necessary for him to obtain a chauffeur's license.

Your attention is respectfully called to the following opinions on related questions rendered by this department:

(1). Opinion No. O-05, January 5, 1939, holding that a county commissioner is a public officer and not an employee, servant, agent or independent contractor as those terms are used in the definition of a chauffeur in article 6687a and that a county commissioner, while driving an

automobile belonging to the county and
on county business, is not a chauffeur
within the meaning of article 6687a,
and that he does not have to obtain a
chauffeur's license.

(2). Opinion No. 0-580, April 4,
1939, holding that linesmen, trouble-
men, meter readers, meter testers, a
collector, a local manager, and engi-
neer, a mechanic, department head, and
power salesmen, who are employees of a
gas utility company, operating company
owned motor vehicles in the course of
the performance of their duties, are
"chauffeurs" within the scope of the
definition contained in article 6687a,
section 1 (g), Vernon's Annotated Civil
Statutes, as amended, and that they are
required under the law to obtain a chauf-
feur's license.

In opinion 0-05, supra, it was held
that a public officer is not an "independent con-
tractor" and the well known definition of an
"independent contractor" given in the case of
Lone Star Gas Company v. Kelley, 46 SW (2d) 656,
was quoted as follows:

"As defined by the authorities,
an independent contractor is one, who
exercising an independent employment,
contracts to do a piece of work accord-
ing to his own methods, without being
subject to the control of his employer
except that to the result of his work."

Trusting that the above fully answers

Hon. Jay Sam Levey, May 10, 1939, Page 5


the inquiries in your letter, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Dick Stout
Assistant

DS:omb

APPROVED:

ATTORNEY GENERAL OF TEXAS.

